IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LONNIE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:22-cv-699-RAH-CWB |
| | ) |
| AUBURN UNIVERSITY | ) |
| CREDIT UNION, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Lonnie Johnson, who is proceeding *pro se*, filed this action on December 13, 2022 against Auburn University Credit Union (Doc. 1) and simultaneously sought leave to proceed *in forma pauperis* (Doc. 2). Referral then was made to the Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." (Doc. 3). By Order dated December 14, 2022 (Doc. 4), *in forma pauperis* status was granted and service of process was deferred pending threshold review of the Complaint pursuant to 28 U.S.C. § 1915(e).[1] Having now conducted such review, the Magistrate Judge finds that the Complaint is deficient but will afford Plaintiff an opportunity to cure prior to recommending dismissal. *See, e.g., Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) ("'[A] [*pro se*] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice'—at least, that is, where 'a more carefully drafted complaint might state a claim.'") (citations omitted). *See also* Fed. R. Civ. P. 15(a).

---

[1] Section 1915(e) provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## I.   Pleading Requirements

Review under 28 U.S.C. § 1915(e) begins with an analysis of whether a complaint complies with the pleading standards applicable to all civil actions filed in federal court. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible on its face.'") (citations omitted). To state a claim for relief that is plausible, a plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint thus should contain a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Importantly, however, courts do not consider "any allegations in the complaint that are merely legal conclusions." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are to be liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). Nonetheless, a *pro se* complaint still "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And it has been made clear that a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009). It is further recognized that a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Therefore, a *pro se* litigant must comply with the Rule 8 requirement to file a "short and plain statement" showing an entitlement to relief

and with the Rule 10 requirement to "state its claims … in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 8(a) & 10(b).

## II. Jurisdictional Requirements

Federal courts are courts of limited jurisdiction. *See, e.g., Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). It therefore is presumed that claims "lie[] outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377; *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). In general, federal courts lack authority to consider claims unless at least one of two sources of subject matter jurisdiction is present: a federal question arising under the Constitution, laws, or treaties of the United States, *see* 28 U.S.C. § 1331, or a complete diversity of citizenship among the parties coupled with an amount in controversy exceeding $75,000.00, *see* 28 U.S.C. § 1332(a). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1240 (11th Cir. 2003).

## III. Plaintiff's Complaint

As best as can be discerned, the Complaint appears to allege that the defendant—a financial institution—deprived Plaintiff of certain funds. (Doc. 1 at ¶ 5: alleging that "[I] seen people running to hide my money and I asked the manager and she looked at me funny when I'm looking at the camera and looking at her hind [sic] the money and ran out the back door"). As requested relief, Plaintiff merely states "and now I'm still getting to put some cream on there." (*Id*. at ¶ 6). Even construed most liberally, none of Plaintiff's allegations state a viable cause of action or establish a basis for the court to exercise subject matter jurisdiction.

To comply with the Federal Rules of Civil Procedure, a plaintiff is required to set forth both a recognized legal claim and sufficient factual allegations to support that claim. The requisite "short and plain statement" must show that the plaintiff is entitled to relief, together with a statement of the relief being sought, and must do so in numbered paragraphs. Fed. R. Civ. P. 8 & 10. Moreover, in order for a federal court to exercise jurisdiction, the plaintiff must specifically allege either: (1) that he is bringing a claim under the Constitution, laws, or treaties of the United States; or (2) that the amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship between the parties. *See* 28 U.S.C. §§ 1331 & 1332(a). In short, the court cannot address conclusory claims that are not pled in accordance with Rules 8 and 10 of the Federal Rules of Civil Procedure or when subject matter jurisdiction has not been established.

**IV.   Conclusion**

Given the pleading deficiencies described above, it is hereby **ORDERED** that Plaintiff must file an Amended Complaint on or before **January 4**, **2023** that complies with the Federal Rules of Civil Procedure and the following requirements of this Order:

   a. the Amended Complaint must include a short and plain statement of Plaintiff's claim(s) and identify any federal cause(s) of action under which Plaintiff brings his claim(s) or allege sufficient facts to support diversity jurisdiction;

   b. the Amended Complaint must contain specific factual allegations about the defendant's conduct (*i.e.*, what actions the defendant took that constitute the claims(s) being alleged by Plaintiffs), clearly indicating which specific factual allegations provide support for Plaintiff's claim(s) and noting the relevant dates of all such actions;

   c. the Amended Complaint must be set out in numbered paragraphs, each limited as far as practicable to a specific set of circumstances, and if doing so would promote clarity, each claim founded on a separate transaction or occurrence must be stated in a separate count;

   d. the Amended Complaint must contain a demand for relief;

    e.  the Amended Complaint must exclude all generalized and immaterial facts, statements, and allegations not specifically related to Plaintiff's claim(s) for relief; and

    f.  The Amended Complaint must be executed by Plaintiff consistent with Rule 11 of the Federal Rules of Civil Procedure.[2]

**Plaintiff is expressly cautioned that his failure to file an Amended Complaint meeting the requirements of this Order and the Federal Rules of Civil Procedure will result in a recommendation that the action be dismissed.** Plaintiff is further cautioned that the only issues before the court will be those raised in the Amended Complaint and that he will not be permitted to rely upon any allegations in the original Complaint that are not specifically included in the Amended Complaint. *See, e.g., Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; 'the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (citation omitted).

---

[2] Rule 11 provides in part:
> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b). "Rule 11 applies to pro se plaintiffs[.]" *Meidinger v. Healthcare Indus. Oligopoly*, 391 F. App'x 777, 778 (11th Cir. 2010) (citing *Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989)). A failure to adhere to Rule 11 can lead to the imposition of sanctions against the offending party, including monetary sanctions. *Id*.

The court recommends that Plaintiff review the section about "representing yourself" on the court's website – http://www.almd.uscourts.gov.   The Federal Rules of Civil Procedure, the Local Rules for the Middle District of Alabama, and complaint forms/instructions are also available for review on the website.

DONE this the 20th day of December 2022.

/s/ Chad W. Bryan
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**