**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LONNIE JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:22-cv-699-RAH-CWB** |
| | ) | |
| **AUBURN UNIVERSITY** | ) | |
| **CREDIT UNION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Lonnie Johnson, who is proceeding *pro se*, filed this action on December 13, 2022 (Doc. 1) and sought leave to proceed *in forma pauperis* (Doc. 2).  Referral then was made to the Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate."  (Doc. 3).  By Order dated December 14, 2022 (Doc. 4), *in forma pauperis* status was granted and service of process was deferred pending threshold review of the Complaint pursuant to 28 U.S.C. § 1915(e).  After conducting such review and concluding that the Complaint was insufficiently pleaded, the Magistrate Judge issued an Order on December 20, 2022 directing Plaintiff to file an Amended Complaint by January 4, 2023.  (Doc. 5).  The Order set out with specificity how the Complaint was deficient and what information should be included within the Amended Complaint.  (*Id.*).  Plaintiff further was cautioned that "**failure to file an Amended Complaint meeting the requirements of this Order and the Federal Rules of Civil Procedure will result in a recommendation that the action be dismissed**." (*Id.* at p. 5) (bold in original).  Notwithstanding the directive to replead and the warning against not doing so, Plaintiff failed to file an Amended Complaint by the imposed deadline.

It is settled that pro se litigants are required to conform to procedural rules and obey court orders. *See Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017). So too is it settled that courts have authority to impose sanctions for failure to prosecute or obey an order. *Id.* Such authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630-31. Considering Plaintiff's clear record of delay and willful contempt for the court's instructions to replead, the Magistrate Judge finds that any sanction lesser than dismissal would not be appropriate in this instance. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

Dismissal also would be proper for the reasons set forth in the December 20, 2022 Order. (Doc. 5). The Complaint (Doc. 1) fails to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure in that Plaintiff has failed to articulate any basis for the court to exercise subject matter jurisdiction, *i.e.*, Plaintiff has not identified any federal authority under which he brings his claims or alleged sufficient facts to support diversity jurisdiction. *See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction"); *Gamble v. Allstate Ins. Co.*, No. 22-12861, 2023 WL 334385, * 1 (11th Cir. Jan. 20, 2023) ("Because the district court had no reason to think that it had power to hear this lawsuit, it had no choice but to dismiss Gamble's amended complaint."). Moreover, Plaintiff has failed to plead a sufficient factual or legal basis to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). All of Plaintiff's allegations are vague and conclusory, without sufficient

factual content to support the asserted legal conclusions.  Such are precisely the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and "naked assertion[s] devoid of further factual enhancement" that have been deemed insufficient to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)).  *See also Twombly*, 550 U.S. at 555 (stating that the purpose of the federal pleading requirement is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests.") (internal quotation marks and citation omitted).

For all of these reasons, the undersigned Magistrate Judge hereby **RECOMMENDS** that this action be **DISMISSED** without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed by **December 5, 2023**.  An objecting party must identify the specific portion of any factual findings or legal conclusions to which objection is made and must describe in detail the basis for the objection(s).  Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made.  The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings.  *See* 28 U.S.C. § 636(b)(1)(C).  A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations.  The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice.  *See* 11th Cir. R. 3-1.  No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this 21st day of November 2023.

**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**